UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID COLLINS, )
)
Petitioner, )
)
v. ) No. 1:16-cv-02985-WTL-TAB
)
WENDY KNIGHT, )
)
Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of David Collins for a writ of habeas corpus challenges a prison disciplinary proceeding, CIC 16-07-0279, in which he was found guilty of battery, B-212. For the reasons explained in this entry, Mr. Collins' habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On July 22, 2016, Sergeant B. Roberts issued a Report of Conduct charging Mr. Collins with battery in violation of Code B-212. The Report of Conduct states:

> On July 21, 2016 at approximately 2:00AM I Sergeant B. Roberts was notified by the shift office that there was a note turned in that Offender Jason Hood 111151 1B-5F had been assaulted by Offender David Collins 136767 15A-1F & Offender Robert Fields 224946 15B-1F. I found Offender Hood to have injuries consistent with have being [sic] involved in a fight. After reviewing the camera, Offender Hood was seen going into cell 15-1F at 11:09.02am and came out and went into the TV room where he lived at 11:18am. Once he entered the TV room he was seen on camera wiping his face. Offender Hood was questioned about who had assa[ulted] him and he stated that Offender Collins and Offender Fields had jumped him in their cell over a disagreement over the phone.

Dkt. No. 11-1.

Mr. Collins was notified of the charge on July 29, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Mr. Collins wanted statements from Offenders Jason Hood and Robert Fields. Dkt. No. 11-2. The request for a statement from offender Hood was denied for safety and security reasons. *Id*. ("For safety and security reasons the victim cannot be called as a witness."). The Screening Officer also noted that Mr. Collins did not request any physical evidence nor a lay advocate. *Id*. Mr. Collins asked offender Fields the purpose of being in Hood's cell, and Fields responded, "Hood came in our cell to ask questions about T.C. stuff and left." Dkt. No. 11-3.

The hearing officer conducted a disciplinary hearing on August 11, 2016. Dkt. No. 11-6. The hearing officer noted Mr. Collins' statement:

> I did not touch that kid. The camera clearly shows I didn't do nothing. That man has tried his best to let everyone know that Sgt. Roberts made up that statement. Off. Hood never made that stat[e]ment. Hood said it happened @ medical and I had absolutely nothing to do with it. Trying to go back to T.C.

*Id.*

The hearing officer considered staff reports and offender statements in determining that Mr. Collins had violated Code B-212. *Id.* His reason for the decision was "[c]onduct is clear. Hood told Sgt. Roberts he was assaulted by Offend. Collins." *Id.* The sanctions imposed included a written reprimand, a 30-day phone and commissary restriction, 30 days of disciplinary segregation (suspended), and the deprivation of 30 days of earned credit time. *Id.* The hearing officer imposed the sanctions because of the seriousness and nature of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior. *Id.*

Mr. Collins' appeals were denied. This habeas action followed.

### III. Analysis

Mr. Collins argues that his due process rights were violated during the disciplinary proceeding. His single claim is that he was denied a witness statement from the victim Jason Hood. Mr. Collins wanted to ask offender Hood "Did I assault you?" and "Did you turn in a note about being assaulted?" Dkt. No. 11-2.

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff,* 418 U.S. at 566. Here, the witness requested by Mr. Collins was the alleged victim of his assault. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority…." *Id.* "Confrontation and cross-examination present greater hazards to institutional interests" and are not required in the context of disciplinary proceedings. *Id.* at 567.

Here, someone left a note at the shift office that offender Hood had been assaulted by Mr. Collins and another inmate. Mr. Collins wanted to ask Mr. Hood if he left the note, but the

question of who left the note is irrelevant. Mr. Hood was found and he had injuries consistent with being involved in a fight. When asked about his injuries, Mr. Hood told Officer Roberts that Mr. Collins and another inmate had assaulted him. Mr. Collins does not dispute that the victim was in his cell, where the assault allegedly took place.

The Supreme Court has acknowledged that there is an "unwritten code that exhorts inmates not to inform on a fellow prisoner." *Wolff,* 418 U.S. at 562. To place the victim in the position of having to make another statement about the assault, before his assailant, would place him in a more dangerous position than he already potentially faces. Mr. Collins did not have the right to, in effect, cross-examine Mr. Hood, and the prison's discretionary decision to deny Mr. Collins that witness was well-founded.

Mr. Collins was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Collins' due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Collins' petition for a writ of habeas corpus is **denied** and the action dismissed. Judgment shall now issue.

**IT IS SO ORDERED.**

Date: 10/19/17

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

David Collins
136767
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, In 47362